IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| WARREN JUDGE, | ) | |
| | ) | Case No. 1:22-cv-07042 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRANSUNION RISK AND | ) | |
| ALTERNATIVE DATA | ) | |
| SOLUTIONS INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, WARREN JUDGE, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against TRANSUNION RISK AND ALTERNATIVE DATA SOLUTIONS INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et. seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. WARREN JUDGE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Oregon, County of Ogle, State of Illinois.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. TRANSUNION RISK AND ALTERNATIVE DATA SOLUTIONS, INC., (hereinafter, "Defendant"), is a business entity that provides tenant screening services to various third-parties.

7. Defendant has its principal place of business located at 4530 Conference Way South, Boca Raton, FL 33431.

8. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

9. At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

10. At all relevant times, Defendant was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

## IV. ALLEGATIONS

11. At all relevant times, "background reports" as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

12. Among other things, the FCRA regulates the collection, maintenance and disclosure of consumer credit report information by consumer reporting agencies.

13. Among other things, Defendant sells consumer reports to potential landlords who wish to screen tenant applicants.

14. Some of the consumer reports Defendant sells to landlords contain information regarding a prospective tenant's criminal arrest and conviction history.

15.     When a consumer reporting agency prepares a consumer report, it is required by the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

16.     As a consumer reporting agency, when it prepares a consumer report, Defendant is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

17.     On or about October 17, 2022, Plaintiff submitted a tenancy application for an apartment at 15907 North 19th Drive (hereinafter, "STEVENS PROPERTY").

18.     On or about October 17, 2022, STEVENS PROPERTY agreed to rent an apartment to Plaintiff contingent upon Plaintiff successfully passing a background screening.

19.     As part of its routine background check on its prospective tenants, STEVENS PROPERTY requested that Defendant provide information regarding, among other things, the character and general reputation of Plaintiff.

20.     On or about October 17, 2022, Defendant prepared and sold a consumer report to STEVENS PROPERTY, purportedly regarding the character and general reputation of Plaintiff.

21.     The aforementioned consumer report contained public record information that indicated that Plaintiff had been convicted of aggravated criminal sexual assault of a minor.

22.     Despite its obligations pursuant to the FCRA, Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's character and general reputation to third parties (hereinafter the "inaccurate information").

23.     The inaccurate information of which Plaintiff complains is a putative felony conviction of aggravated criminal sexual assault of a minor in 1991.

24. However, on October 24, 1991, said conviction was reversed by the Illinois Appellate Court, and then subsequently dismissed without further prosecution.

25. Defendant has been improperly reporting, and did here report, expunged, derogatory, inaccurate, and/or time barred statements and information relating to Plaintiff and Plaintiff's criminal history to third parties ("inaccurate information"), including STEVENS PROPERTY.

26. The inaccurate information includes, but is not limited to, an Illinois criminal conviction from 1991 that had been reversed, and then sealed and/or expunged by the State of Illinois.

27. Defendant is inaccurately reporting a criminal conviction pertaining to Plaintiff. These charges should have been removed from the Plaintiff's criminal file and consumer report in October 1991in accordance with the actual public record.

28. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff. Had Defendant followed such procedures it would have never falsely reported the sealed and/or expunged charges on Plaintiff's consumer report.

29. As a result of the information contained within the consumer report that Defendant sold to Stevens Property, Plaintiff's employment with Stevens Property was terminated; the basis for this denial was the inaccurate and derogatory criminal information that appears on Plaintiff's consumer report and that the inaccurate information was a substantial factor for denial.

30. Despite the foregoing, Defendant has disseminated consumer reports containing the aforesaid inaccurate information to various third-parties, including STEVENS PROPERTY.

31. The inaccurate information negatively reflects upon Plaintiff and Plaintiff's character and general reputation.

32. As of the result of the inaccurate information reported by Defendant to STEVENS PROPERTY, Plaintiff's rental application was denied.

33. Despite its obligations to comply with the FCRA, Defendant prepared and sold a report purporting to contain information regarding Plaintiff's character and general reputation yet said report contained patently inaccurate information.

34. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff to STEVENS PROPERTY and other unknown third parties.

35. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Lost rental opportunities and/or delay in being approved for rental opportunities;

   b. Out of pocket expenses associated with seeking additional, more expensive accommodations for living.

   c. Emotional distress, mental anguish, humiliation and embarrassment associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

36. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

37. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

   a. willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

38. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V. JURY DEMAND

39. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JUDGE WARREN, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Punitive damages;

    d. Plaintiff's attorneys' fees and costs; and,

    e. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**JUDGE WARREN**


By:   s/ David M. Marco
       Attorney for Plaintiff

Dated: December 14, 2022

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com